UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kirk Wool,

        Petitioner,

        v.                                        Civil Action No. 5:15-cv-208-gwc-jmc

Andrew Pallito,

        Respondent.

## REPORT AND RECOMMENDATION
(Doc. 1)

      Petitioner Kirk Wool, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) A review of the record indicates that Wool previously filed a habeas petition in this Court that was denied on procedural and substantive grounds on September 24, 1996. *See Wool v. Vt. Dep't of Corr.*, No. 1:94-cv-00238-jgm, (D. Vt. Sept. 24, 1996), ECF No. 43. Wool's appeal to the Second Circuit was dismissed. *Id*. at ECF No. 50. On December 9, 2013, Wool filed a second habeas petition. *See Wool v. Vermont*, No. 1:13-cv-00312-jgm, (D. Vt. Dec. 9, 2013), ECF No. 1. On January 9, 2014, the Court adopted a Report and Recommendation transferring the matter to the Second Circuit pursuant to 28 U.S.C. § 2244(b) as a second or successive petition. *Id*. at ECF No. 5. On September 4, 2014, the Second Circuit granted Wool's motion to dismiss the matter without prejudice. *Id*. at ECF No. 7.

Wool's instant Petition is not the picture of clarity. Without reference to time or context, Wool alleges that unspecified prison records contain falsities and are being used "to effectively increase the amount of time I am being made to serve of my sentence by years". (Doc. 1 at 1.) For relief, Wool seeks only to "correct false records." (*Id.*) In fact, Wool re-affirms that the relief he is seeking is solely to correct false statements in prison records that are allegedly being used to extend his confinement. (Doc. 3.) A reviewing court must construe a *pro se* pleading liberally. Generally, petitions claiming improper execution of a sentence are properly brought under 28 U.S.C. § 2254. *James v. Walsh*, 308 F. 3d 162, 167 (2d Cir. 2002). Furthermore, Wool is an experienced *pro se* litigator in this Court, and his pleadings manifest his express intent to proceed under § 2254. *See* Doc. 1 at 2 ("This action is filed as a habeas to not offend Heck v. Humphrey").

Because Wool previously filed a § 2254 petition regarding the same conviction and sentence, and that motion was denied on the merits, his current motion may be a "second or successive" motion. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that petition was "second or successive" because it challenged "the same custody imposed by the same judgment of a state court" as the first petition); *see also* 28 U.S.C. § 2244(b). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) strictly limits the conditions under which a "second or successive" petition may be granted. A claim in a second or successive petition that was not presented in a previous habeas corpus petition may only be granted if one of the following conditions applies:

>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  The AEDPA also sets "gatekeeping" procedural rules for the review of second or successive petitions.  *Burton*, 549 U.S. at 149.  Accordingly, a second or successive petition may only be filed with a district court if the petitioner has first been granted permission to do so by the relevant court of appeals.  28 U.S.C. § 2244(b)(3)(A).  To grant such permission, the court of appeals must determine that the petition contains claims which fall into one of the categories quoted above.  28 U.S.C. § 2244(b)(3)(A), (B).

If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition and must dismiss it.  *See Burton*, 549 U.S. at 153.  The rule in this circuit, in the interest of judicial efficiency, is if a district court determines that a petition is second or successive, that court is to transfer the petition to the circuit court.  *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).  Because of the vague and conclusory nature of the allegations in his Petition, it is unclear whether Wool's current allegations involve facts that could not have been discovered through the exercise of due diligence.  Moreover, the correction of purported falsities in prison records is not the type of relief contemplated by § 2254.

3

Perhaps these deficiencies can be cured by better pleading. Nevertheless, out of an abundance of caution, I recommend that the Court find Wool's current § 2254 Petition to be second or successive under 28 U.S.C. § 2244(b), and TRANSFER the Petition to the United States Court of Appeals for the Second Circuit.

      Dated at Burlington, in the District of Vermont, this 29th day of September, 2015.

                                    /s/ John M. Conroy
                                    John M. Conroy
                                    United States Magistrate Judge